# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, | CASE NO. 1:09-cv-02098-SMS PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc. 6) |
| Defendants. | |

Plaintiff Harold Walker is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of a U.S. Magistrate Judge on December 14, 2009.

On February 8, 2010, plaintiff filed a motion seeking a preliminary injunction, asserting that Defendant California Department of Corrections and Rehabilitation and numerous other Defendants retaliated against him for filing grievances; denied him access to the courts; denied him medical treatment; charged him with violating probation for refusing to stay at a facility that was not accessible to Plaintiff, who is mobility impaired; and required him to submit to drug testing without valid penological reason.

A preliminary injunction preserves the status quo if the balance of equities favors the moving party so strongly that justice requires court intervention to secure the parties' positions until the lawsuit is ultimately resolved on its merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To secure a preliminary injunction, a plaintiff must demonstrate "either (1) a

1 combination of probable success and the possibility of irreparable harm, or (2) that serious
2 questions are raised and the balance of hardship tips in its favor." *Arcamuzi v. Continental Air*
3 *Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987).  Under either approach, the plaintiff "must
4 demonstrate a significant threat of irreparable injury." *Id.*  No injunction should issue if the
5 plaintiff fails to demonstrate "a fair chance of success on the merits, or questions serious enough
6 to require litigation." *Id.*  "[A] preliminary injunction is an extraordinary and drastic remedy,
7 one that should not be granted unless the movant, *by a clear showing*, carries the burden of
8 persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*quotations and citations*
9 *omitted*).  A mandatory preliminary injunction such as the one plaintiff seeks here "is subject to
10 heightened scrutiny and should not be issued unless the facts and the law clearly favor the
11 moving party." *Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).
12 Plaintiff's allegations do not meet the stringent requirements for the grant of a preliminary
13 injunction.

14      Accordingly, the Court hereby DENIES Plaintiff's February 8, 2010, motion for a
15 preliminary injunction.

17 IT IS SO ORDERED.
18 **Dated:    February 24, 2010**           /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE