# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, | CASE NO. 1:09-cv-02098-SMS PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc. 10) |
| Defendants. / | |

Plaintiff Harold Walker is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 14, 2009, Plaintiff consented to the jurisdiction of a U.S. Magistrate Judge.

On February 22, 2010, plaintiff filed a motion seeking a preliminary injunction, asserting that Defendant California Department of Corrections and Rehabilitation and numerous other Defendants denied him access to the courts; denied him medical treatment; deprived him of medications; falsely accused him of violating parole; and required him to submit to conditions of parole not reasonably related to a legitimate purpose.

A preliminary injunction preserves the status quo if the balance of equities favors the moving party so strongly that justice requires court intervention to secure the parties' positions until the lawsuit is ultimately resolved on its merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  To secure a preliminary injunction, a plaintiff must demonstrate "either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious

questions are raised and the balance of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987).  Under either approach, the plaintiff "must demonstrate a significant threat of irreparable injury." *Id.*  No injunction should issue if the plaintiff fails to demonstrate "a fair chance of success on the merits, or questions serious enough to require litigation." *Id.*  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*quotations and citations omitted*).  A mandatory preliminary injunction such as the one plaintiff seeks here "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." *Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).  Plaintiff's allegations do not meet the stringent requirements for the grant of a preliminary injunction.

     Accordingly, the Court hereby DENIES Plaintiff's February 22, 2010, motion for a preliminary injunction.

IT IS SO ORDERED.

**Dated:   February 24, 2010**                    /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE